UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RODNEY S. FIELDS,**

    **Plaintiff,**

**-v-**                                                               Case No.:  2:14-cv-1201
                                                                                   JUDGE SMITH
                                                                                   Magistrate Judge King

**PATRICK R. DONAHOE,**
**POSTMASTER GENERAL**
**UNITED STATES POSTAL SERVICE,**

    **Defendant.**


## OPINION AND ORDER

This matter is before the Court on Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service's Motion to Dismiss (Doc. 10).  Plaintiff, proceeding *pro se*, has responded, to which Defendant has replied.  (Docs. 12 and 13).  This matter is now ripe for review.  For the reasons that follow, Defendant's Motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff, Rodney S. Fields, initiated this case by filing his form Complaint on August 12, 2014.  (*See* Compl., Doc. 3).  In the Complaint, Plaintiff provides his personal information and the entirety of his claim reads as follows:

> On April 7th 2013 management violated my Title 7 rights when they removed me from the postal service.  Management ignored the fact that I have a permanent disability profile from the postal service.  My Title 7 rights of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 were violated.

(Compl. at 3). And with respect to the relief sought, Plaintiff seeks "[t]o be reinstated in the Postal Service, to be awarded $300,000, to have all of my leave, back pay and retirement reinstated." (Compl. at 4).

Attached to Plaintiff's Complaint is the decision and right to sue letter from the United States Equal Employment Opportunity Commission. The decision includes some additional details, including that Plaintiff worked as a City Carrier at the Postal Service's Oakland Branch in Columbus, Ohio. Plaintiff had requested, and was granted, leave pursuant to the Family and Medical Leave Act ("FMLA"), for October 27 through November 3, 2012. However, it is undisputed that he actually went on a cruise during that time frame. Plaintiff ultimately received a notice of removal as a result of this "improper conduct" on February 11, 2013, notifying him that he would be removed 30 days from receipt of the notice. (*See* Attachment to Compl., Doc. 3).

## II. STANDARD OF REVIEW

Defendant brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiffs have failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III.  DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted. Specifically, Defendant argues that Plaintiff's Complaint "lacks the factual detail and legal theory necessary to establish a claim." (Def.'s Mot., Doc. 10 at 3). The Court agrees. While Plaintiff, proceeding *pro se*, is held to a lower pleading standard, he fails to offer any factual basis for his claims whatsoever. Although courts "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys," this leniency is not without limits. *See Frengler v. GM*, 482 Fed. App'x. 975, 976-77 (6th Cir. 2012). The "'leniency standard' has still required basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)). Plaintiff has failed to provide any facts to form the

basis of his generic allegation that his Title 7 rights have been violated.  Neither Defendant, nor the Court should be required to fill in the blanks, or in this case, guess as to the basis of Plaintiff's claim.  Even a *pro se* complaint must provide the defendant with notice of the claim and Plaintiff has failed to do so here.  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Plaintiff has attached the decision of the United States Equal Opportunity Commission, but Defendant asserts that this cannot stand in the place of a deficient statement of claim.  Although the Court can take judicial notice of administrative decisions like the one attached, such information cannot mend the deficiencies of Plaintiff's Complaint.  This Court has held that "courts are not permitted to take judicial notice of facts to fill in gaps in pleadings."  *Winkle v. Loranger*, 2014 U.S. Dist. LEXIS 64383 (S.D. Ohio 2014) (Merz, J.).  And, even if the Court were to take judicial notice of the decision, there remains a lack of factual basis to support Plaintiff's allegations.

Plaintiff has not offered anything more than a mere conclusory argument that he has stated a claim upon which relief can be granted in response to Defendant's motion to dismiss.  Accordingly, Defendant Donahoe's motion to dismiss Plaintiff's Complaint is granted.

## IV.    DISPOSITION

Based on the aforementioned discussion, Defendant Donahoe's motion to dismiss is hereby **GRANTED**.  The Clerk shall remove Document 10 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

/s/ *George C. Smith*_____
**GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICT COURT**